UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

June 9, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *Stacey F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
     Civil No. 22-2362-BAH

Dear Counsel:

On September 15, 2022, Plaintiff Stacey F. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 9) and the parties' dispositive filings[1] (ECFs 11 and 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.  **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 15, 2016, alleging a disability onset of February 1, 2016. Tr. 505–11. Plaintiff's claim was denied initially and on reconsideration. Tr. 262–65, 269–70. On May 23, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 138–60. Following the hearing, on June 27, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 187–206.

On June 23, 2020, the Appeals Council vacated that decision and remanded Plaintiff's case for further proceedings. Tr. 207–11. A new hearing was held before a different ALJ on April 14, 2021. Tr. 67–85. On August 17, 2021, that ALJ determined that Plaintiff was not disabled under the Social Security Act. Tr. 232–55. The Appeals Council again remanded Plaintiff's case

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, the parties filed motions for summary judgment. *See* ECFs 11 and 14.

[2] 42 U.S.C. §§ 301 et seq.

*Stacey F. v. Kijakazi*
Civil No. 22-2362-BAH
June 9, 2023
Page 2

for further review on November 2, 2021. Tr. 256–61. A new hearing was held on April 6, 2022, Tr. 45–66, and the ALJ again denied Plaintiff's claim for benefits on April 29, 2022. Tr. 15–44. The Appeals Council denied Plaintiff's request for review of that decision, Tr. 4–9, so the ALJ's April 29, 2022, decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff engaged in substantial gainful activity from February 2021 to March 2021, but also determined that there were continuous 12-month periods during which Plaintiff did not engage in such activity. Tr. 22. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity and an affective mood disorder." *Id*. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "diabetes, hyperlipidemia, essential hypertension, and a left ankle fracture[.]" *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a), except the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can never climb ladders, ropes or scaffolds. She would need to avoid concentrated exposure to fumes, odors, dusts, and gases, as well as to hazards, such as dangerous machinery and unprotected heights and parts. She can perform simple, routine tasks, with no production rate for pace of work (e.g., assembly-line work).

Tr. 25. The ALJ determined that Plaintiff had no past relevant work but could perform other jobs existing in significant numbers in the national economy, such as label maker (DOT[3] #585.685-

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical

062), mail sorter (DOT #209.587-010), and document preparer (DOT #249.587-018). Tr. 35–36. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 36.

### III.   LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination "is not supported by substantial evidence because the ALJ failed to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace ['CPP'], Plaintiff could remain productive/on-task for at least 95 percent of the workday." ECF 11-1, at 6. Defendant counters that the ALJ adequately accounted for Plaintiff's CPP difficulties by limiting her to "simple, routine tasks, with no production rate for pace of work." ECF 14-1, at 7 (citing Tr. 25). Defendant further avers that the ALJ "did not make a finding that Plaintiff would be off task for a particular period nor was he required to do so." *Id.* at 8.

A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Moreover, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted). Thus, an ALJ must both identify evidence that supports his conclusions and build an accurate and logical bridge from that evidence to his conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

---

and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Stacey F. v. Kijakazi*
Civil No. 22-2362-BAH
June 9, 2023
Page 4

      Here, contrary to Plaintiff's assertion, the ALJ's failure to address time off-task in the RFC did not constitute error. During the hearing, Plaintiff's attorney asked the vocational expert to provide a hypothetical employer's tolerance for off-task time. Tr. 64. The vocational expert responded that such tolerance would be "[n]o more than five percent if it's outside of standard scheduled breaks." *Id.* The vocational expert further confirmed this answer by testifying to the ALJ that Plaintiff's need to "maintain attention and concentration for two hours, then . . . take a 15-minute break, then . . . work again for another two hours . . . and so forth throughout the day," would be "accommodated by the standard normal breaks." Tr. 63. Subsequently, the ALJ determined that Plaintiff had a "moderate" CPP limitation. Tr. 24. The ALJ accordingly limited Plaintiff's RFC to "simple, routine tasks, with no production rate for pace of work." Tr. 25. The ALJ included no findings regarding time off-task.

      Plaintiff argues that the ALJ erred in failing to "build an accurate and logical bridge between" Plaintiff's moderate CPP limitations and the ALJ's "acceptance" that Plaintiff could not be off-task for more than 5% of an eight-hour workday. ECF 11-1, at 7. But Plaintiff's argument is unavailing because the ALJ's decision contains no indication that the ALJ accepted this finding and, in any event, the ALJ was not required to do so. *See Kane v. Comm'r of Soc. Sec. Admin*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018) ("[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday."); *see also Adrienne P. v. Kijakazi*, No. BPG-22-358, 2023 WL 2407394, at *3 (D. Md. Jan. 6, 2023) ("[A]n RFC determination implicitly contains a finding that [a] plaintiff is able to work an eight-hour work day . . . .").

      Here, it appears that the ALJ implicitly—and permissibly—determined that Plaintiff could sustain work over an eight-hour day based upon the vocational expert's confirmation that Plaintiff could work in two-hour periods between breaks. Tr. 25, 63; *see also Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (citing Social Security Ruling 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) for the proposition that "a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks"). While the vocational expert found a certain percentage of off-task time "outside of standard scheduled breaks" to be work-preclusive, Tr. 64, she did not testify that Plaintiff's mental limitations could not be accommodated by standard breaks. Thus, as Plaintiff does not argue that the ALJ should have provided for more or longer breaks, it is unclear how the omission of an off-task percentage in the RFC was inconsistent with the vocational expert's testimony.[4]

      In sum, neither the ALJ's failure to determine a percentage of time off-task, nor the ALJ's

---

[4] I also note that the ALJ apparently accounted for Plaintiff's moderate limitations in CPP by restricting her to "simple, routine tasks, with no production rate for pace of work." Tr. 25. Plaintiff does not argue that these limitations were insufficient to account for her moderate CPP difficulties.

*Stacey F. v. Kijakazi*
Civil No. 22-2362-BAH
June 9, 2023
Page 5

lack of explanation for the omission, warrants remand.  Accordingly, I affirm the ALJ's decision.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED, and Defendant's motion for summary judgment, ECF 14, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge